Paul S. Chan – State Bar No. 183406
　　pchan@birdmarella.com
Ashley D. Bowman – State Bar No. 286099
　　abowman@birdmarella.com
Jong-min Choi – State Bar No. 329474
　　jmchoi@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff Li Dong

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LI DONG, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EASTERN INTERNATIONAL CORPORATION, LLC, a limited liability company, HUI PENG, an individual,<br><br>　　　　Defendants. | CASE NO. 8:21-cv-01913<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF FIDUCIARY DUTY OWED TO MEMBERS**<br><br>**(2) INSPECTION DEMAND – CAL. CORP. CODE § 17704.10**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Li Dong ("Dong" or "Plaintiff") complains and alleges the following against Defendants Eastern International Corporation, LLC ("Eastern") and Hui Peng ("Peng") (collectively "Defendants"):

## INTRODUCTION

1. This action for breach of fiduciary duty and demand for inspection of corporate records stems from Defendant Peng's ongoing and deliberate misuse of Defendant limited liability company Eastern as a vehicle for her fraudulent and unlawful conduct, in direct contravention of the best interests of Eastern, and of Dong's minority membership interest in Eastern.

2. Peng and Dong made a joint decision to form Eastern International Corporation, LLC more than 15 years ago, and then acquired the company's assets in large part with funds provided by Dong. In the time that has elapsed since Eastern's formation, Peng has taken actions not only to rob Dong of his rightful 10% membership interest in Eastern, but also to misuse Eastern to perpetrate fraud, conversion, and misappropriation of funds, and to deny Dong his rights as a minority unitholder to inspect Eastern's books and records in order to assess Peng's (mis)management of the company. Dong brings this action to recover monetary damages for the significant and ongoing financial injuries resulting from Peng's misconduct, and to demand to inspect Eastern's books to fully assess and curtail Peng's continued mismanagement and misuse of Eastern and its assets.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), because Plaintiff Li Dong is a citizen of a foreign state and Defendants Peng and Eastern are citizens of this State and/or another state, and the amount in controversy exceeds $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(b)(2).

## THE PARTIES

5. Plaintiff Li Dong is a citizen of Singapore residing in China and/ or Singapore at all times relevant in this action. Dong holds a 10% membership interest (expressed in membership units) in Defendant Eastern.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant Eastern is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of California with its principal place of business at 19751 Descartes, Foothill Ranch, Orange County, California.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant Hui Peng is an individual who, since 2017, has resided in Lexington, Massachusetts and Orange County, California. Peng was the 90% unitholder of Defendant Eastern at the time of its incorporation and, notwithstanding the unlawful conduct alleged herein, remains the holder of no more than a 90% membership interest in Eastern.

8. Plaintiff is further informed and believes, and thereupon alleges, that at all times relevant to this action until 2017, Defendant Hui Peng resided in Orange County, California.

9. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, each and every Defendant was the agent and/or employee of each and every other Defendant, and in engaging in the conduct alleged was acting with the consent, provision, and authorization of each and every other Defendant. All actions of each Defendant alleged herein were ratified and approved by every other Defendant and/or its officer(s) or managing agent(s).

## BACKGROUND

### Incorporation of Eastern

10. In 2006, Peng and Dong, who were married at the time, decided to form an LLC in order to acquire real estate in California. Peng organized Eastern International Corporation, LLC in California that same year.

11. Upon Peng's request, corporate counsel drew up the LLC Operating Agreement for Eastern. The Operating Agreement states, among other relevant provisions, the following:

  (a) Peng and Dong are Eastern's members, with Peng having a 90% membership interest and Dong having 10%;

  (b) Peng is the company's manager and registered agent, and as such is required to maintain the company's books and records and make them available for examination by any Member at any reasonable time;

  (c) The company must keep, and the manager must maintain, written records of all actions taken and votes made;

  (d) Interests in the company may be transferred only pursuant to a signed Buy-Sell Agreement;

  (e) Admission of any new member requires written consent by the new member to the terms of the Operating Agreement; and

  (f) The Operating Agreement may be amended only by a writing signed by a majority of membership interests.

12. Eastern has not amended, rescinded, or otherwise modified the Operating Agreement since the time of its organization.

13. In 2006, shortly after Eastern's formation, Eastern purchased its first and only real estate property, a commercial building located at 19751 Descartes in Foothill Ranch, Orange County, California (the "Foothill Ranch Property"), for about $4.9 million. Eastern made a down payment of approximately $900,000 for the property, consisting primarily of funds Dong provided to Peng to effect the transaction. Eastern obtained a mortgage to pay the remaining balance of the property. Eastern still owns the Foothill Ranch property and, as described more fully below, paid off the remaining mortgage balance in 2020 using funds misappropriated by Peng.

## FACTUAL ALLEGATIONS

### Peng's Mismanagement of Eastern

14. As Eastern's 90% unitholder and managing Member, among other roles, Peng was and is entrusted with the responsibility to conduct financial and business transactions on behalf of the Eastern, for the benefit of Eastern and its members, and Peng was and is required to maintain accurate records of those transactions. However, since at least 2020, and likely earlier, Peng has neglected those responsibilities altogether.

15. Peng has failed to maintain accurate records of Eastern's assets, expenses, or financial transactions, as reflected by her total ignorance of Eastern's financial condition or transactions. Peng has averred that she has no idea of Eastern's revenues, profits, or losses over the last several years, and does not know if it paid distributions to any of its Members. She does not know when she last examined Eastern's bank balances and transactions or if she even did so in 2021; does not know how much cash the company possesses; and does not know how much its primary asset, the Foothill Ranch Property, is worth.

16. Peng has further failed to maintain any separation between her own personal assets and those of Eastern. Since at least January 2020, and likely earlier, Peng has used Eastern's funds as her own personal funds, paying for her personal living, travel, legal, and entertainment expenses with Eastern's company funds. Indeed, Peng has further averred that she is not certain which of the millions of dollars of personal and family expenses she incurred since January 2020 were paid from Eastern's company bank accounts, and which were paid from her personal accounts.

### Peng and Eastern's Fraudulent and Unlawful Conduct

17. Peng's mismanagement of Eastern's business and financial transactions has gone far beyond mere negligence or incompetence, constituting conduct that is plainly unlawful, since at least January 2020. Until 2010, Peng owned 100% of the

shares of a company named Leoch Battery Corporation ("Leoch Battery"). In 2010, Peng sold all her shares in Leoch Battery to Catherine Holdings International Company, Limited ("Catherine Holdings"), a subsidiary of parent company Leoch International Technology, Ltd. ("LITL"), a now-public company of which Dong is Chairman and majority shareholder. After selling her Leoch Battery shares in 2010, Peng remained the CFO of Leoch Battery until in or around December 2019. Leoch Battery has leased the Foothill Ranch Property from Eastern from the time Eastern acquired the property in 2006 until the present; other than the lease agreement, however, there have been no other business contracts or agreements between the companies.

18. As the Managing Member of Eastern and CFO of Leoch Battery, Peng was authorized to conduct financial transactions on behalf of and for the benefit of both companies.

19. In late 2019, LITL made the decision to remove Peng as CFO of Leoch Battery due to her mismanagement. LITL informed Peng in January 2020 that she was being removed as CFO of Leoch Battery. The day after being informed that she was removed as the CFO of Leoch Battery, Peng surreptitiously transferred more than $5 million from Leoch Battery's company bank accounts to Eastern's bank accounts and her own personal accounts. Although Leoch Battery repeatedly demanded the return of the funds and filed still-pending litigation against Peng and Eastern for these unauthorized transfers, Peng refused to return the funds.

20. To the contrary, Peng has used Eastern and its bank accounts to transfer, conceal, and otherwise dissipate nearly all of the funds that Peng and Eastern converted from Leoch Battery, and continues to use Eastern, its bank accounts, and its property to do so, for Peng's personal benefit and against the interests of Eastern and its other members. Among other things, Peng used the funds converted from Leoch Battery and Eastern's accounts to make the following personal payments and purchases in less than two years since January 2020:

- $1.2 million for mortgage payoffs for two personal residences located in Orange County, California;
- $665,000 mortgage payoff for the Foothill Ranch Property;
- $1.6 million in personal legal fees to litigate Peng's divorce proceedings against Mr. Dong and various cases against Mr. Dong and Leoch Battery;
- More than $150,000 to lease personal residences;
- More than $170,000 to lease and purchase new luxury cars, including a Tesla and a Mercedes;
- $118,000 on private tutoring, college consulting, and sports for Peng's children;
- $80,000 on home furnishings and appliances;
- $50,000 on clothes and ski equipment;
- $40,000 on dining out and entertainment; and
- $35,000 on family vacations.

21. Although Peng used Eastern and its bank accounts to receive and dissipate the funds she converted from Leoch Battery, Peng did so for her own benefit rather than Eastern's. Peng used virtually all of the converted funds that passed through Eastern to pay for her own personal debts and expenses, and not for any purpose benefitting Eastern.

22. Rather than benefit Eastern, Peng's conduct in using Eastern as a vehicle to convert and distribute funds unlawfully taken from Leoch Battery put Eastern at risk by subjecting it to liability for Peng's unlawful conduct. In fact, Peng's misuse of Eastern and its bank accounts resulted in a civil complaint brought by Leoch Battery asserting claims against Eastern for conversion and unjust enrichment, pending in Orange County Superior Court.

23. Peng continues to use Eastern and its bank accounts to distribute and dissipate funds she unlawfully converted from Leoch Battery for her own personal

benefit, and contrary to the interests of Eastern. By using the converted funds to pay off the Foothill Ranch Property, which is titled to Eastern, Peng also continues to use Eastern as a vehicle to retain, conceal, and unjustly benefit from the funds she converted from Leoch Battery.

**Peng and Eastern's Purported Transfer of Dong's Membership Units**

24. Since the formation of Eastern in 2006, Dong has held a 10% membership interest in Eastern. Dong never sold, gifted, transferred, abandoned, or otherwise relinquished his membership interest in Eastern, nor did he ever agree or state an intention to do so.

25. In May 2021, after becoming aware of the extent of Peng's mismanagement and misuse of Eastern and its assets, Dong demanded to inspect Eastern's books in accordance with his rights as a minority Member. Peng and Eastern refused Dong's request, asserting for the first time that Dong did not hold any membership interest in Eastern. Peng and Eastern subsequently contended, in written discovery and other written communications among the parties, that Peng holds a 98% membership interest in Eastern and Peng and Dong's adult son, Lichi Dong, holds the remaining 2%.

26. Eastern's tax filings for 2019, which Peng submitted in 2020 after the conversion from Leoch Battery and resulting initiation of litigation referenced above, state that Peng holds a 98% membership interest in Eastern and Lichi Dong holds 2%. These self-serving tax filings are the only documents suggesting any change in membership interest in Eastern since its formation. Dong is informed and believes, and thereon alleges, that there does not exist – and Defendants have not identified – any document affirming or even suggesting that Dong consented to give up his membership interest in Eastern or transfer his interest to Peng and Lichi Dong.

27. Dong is not aware of any other document or agreement purporting to divest him of his 10% membership interest in Eastern and/or transfer or re-allocate

his membership interest, but to the extent one exists, such document or agreement is was created without Dong's knowledge or consent and, therefore, is invalid.

28. Dong is not aware of when Defendants first sought to take possession of and/or transfer Dong's membership interest in Eastern to Peng and Lichi Dong.

29. However, since 2019 and possibly earlier, Defendants have wrongfully claimed and exercised control over Dong's membership units, allocating his 10% interest to Peng and Lichi Dong, without Dong's consent and, until recently, without his knowledge.

30. Defendants have continued to refuse Dong's requests to inspect Eastern's books, obtain copies of its tax documents, and exercise Dong's other rights as a minority member to information about Eastern's activities and finances.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Breach of Fiduciary Duty)**

**(Against Defendant Peng)**

Dong realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

31. As the 90% unitholder and managing member of Eastern, Peng owed Eastern and its members a duty a loyalty under former Corp. Code section 17153 and Corp. Code 17704.09 and a duty of care in the conduct of the limited liability company under former Corp. Code section 17153 and Corp. Code section 17704.09.

32. Peng breached these duties by, among other things:

    (a) Refusing Dong's reasonable requests to inspect Eastern's books and records;

    (b) Purporting to claim and/ or transfer Dong's 10% membership interest in Eastern without his knowledge or consent, and without any written agreement as required by Eastern's Operating Agreement, for

Peng's benefit and the benefit of third-parties and against the interests of Eastern and Dong;

(c) Misusing Eastern, its bank accounts, and its property to recklessly, intentionally, knowingly, and unlawfully convert, maintain, conceal, and dissipate funds Peng unlawfully transferred from Leoch Battery; and

(d) Misusing substantially all of Eastern's assets – as well as funds converted from Leoch Battery – for Peng's benefit and against Eastern's and Dong's interests, to pay for Peng's and her family's personal expenses, including vacations, luxury cars, private tutoring, and personal real estate holdings.

33. As a direct and proximate result of Peng's breach, Dong has been damaged by, among other things, loss of his membership interest in Eastern and its assets, including the Foothill Ranch property and funds received and/or held by Eastern, and loss of the value of Eastern and its assets that were wasted by Peng. Dong has sustained damages in an amount in excess of the jurisdictional minimum as a result of Peng's breach of fiduciary duty, the full extent of which has not yet been fully ascertained and will be proven at trial.

34. In breaching her fiduciary duty to Dong, Peng has acted maliciously, willfully, wantonly, fraudulently, and with a conscious disregard of Dong's rights, such that Dong is entitled to punitive and exemplary damages against Peng in an amount sufficient to punish Peng and deter such conduct in the future.

35. Peng's fraud, mismanagement, and misuse of Eastern and its assets, as well as her conduct depriving Dong of his membership interest in Eastern and its assets, are ongoing and continue to inflict irreparable injury on Dong. Therefore, an injunction preventing Peng and Eastern from selling, abandoning, or otherwise dissipating Eastern's assets pending resolution of this action is necessary to protect Dong from suffering further irreparable injury.

## SECOND CAUSE OF ACTION

**(Demand to Inspect Corporate Reports [Cal. Corp. Code § 17704.10])**

**(Against All Defendants)**

36. Dong realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

37. Dong holds a 10% membership interest in Eastern (expressed in membership units).

38. As alleged herein, Dong has requested, and Defendants have refused Dong's request, to inspect Eastern's books.

39. By refusing to permit Dong to inspect Eastern's books, Defendants have violated Dong's rights as a minority member pursuant to California Corporations Code § 17704.10.

40. As a result of Defendants' conduct, Dong is entitled to an Order requiring Defendants to make Eastern's books available for inspection by Dong pursuant to California Corporations Code § 17704.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth:

A. For an order that Peng immediately make Eastern's books available for inspection by Dong;

B. For compensatory damages according to proof at trial;

C. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

C. For a preliminary and permanent injunction prohibiting Defendants from selling or further dissipating Eastern's assets, including the Foothill Ranch Property, pending resolution of this suit;

D. For the establishment of a constructive trust over all of Eastern's assets sufficient to compensate Plaintiff for the injury alleged herein;

E.    For an accounting;

F.    For interest as allowed by law;

G.    For attorneys' fees and costs of suit incurred herein; and

H.    For such other and further relief as the Court deems just and proper.

DATED: November 22, 2021

Paul S. Chan
Ashley D. Bowman
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:    /s/ Ashley D. Bowman
        Ashley D. Bowman
    Attorneys for Li Dong

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Li Dong respectfully demands a jury trial of all issues triable to a jury in this action.

DATED:  November 22, 2021

Paul S. Chan
Ashley D. Bowman
Jong-min Choi
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.


By: _____/s/ Ashley D. Bowman_____
        Ashley D. Bowman
      Attorneys for Li Dong