UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  8:21-cv-01913-JLS-ADS                                   Date: June 09, 2022
Title: Li Dong v. Eastern International Corporation, LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   D. Rojas   |   N/A   |
| --- | --- |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                                   Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte.  See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As the party invoking federal jurisdiction, the plaintiff has the burden of establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  At the pleading stage, the burden must be met by pleading "a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(1)(1).

　　　Subject matter jurisdiction exists when an action arises under federal law or when there is complete diversity between the parties and the matter in controversy exceeds $75,000.  *See* 28 U.S.C. § 1331-1332.  Diversity jurisdiction arises where the controversy is between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  However, there is a special rule for establishing the citizenship of a limited liability company ("LLC").  For the purposes of diversity jurisdiction, an LLC is "a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

　　　In the Complaint, Plaintiff Dong invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  (Compl., Doc. 1, ¶ 3.)  The Complaint alleges that "Dong is a citizen of a foreign state and Defendants Peng and Eastern are citizens of this State and/or another state, and the amount in controversy exceeds $75,000."  (*Id.*)  But the Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-01913-JLS-ADS                                   Date: June 09, 2022
Title: Li Dong v. Eastern International Corporation, LLC et al

also acknowledges Dong and Peng both hold membership interests in Eastern.  (*Id.* ¶ 11(a).)  Dong holds a 10% membership interest, and Peng holds a 90% membership interest.  (*Id.*)  Because Dong is a member of Eastern, as an LLC, Eastern is considered a citizen of the foreign state of which the Plaintiff is a citizen, and complete diversity does not exist.  Thus, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a).

     Accordingly, this Court lacks subject matter jurisdiction, and this matter is DISMISSED without prejudice to refiling in a proper court.

Initials of Deputy Clerk: droj